**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0485, <u>Kizzie Pinet v. Mark T. Moore</u>, the court on September 9, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Mark T. Moore, appeals the order of the Superior Court (<u>Delker</u>, J.), following a bench trial, awarding judgment to the plaintiff, Kizzie Pinet, for the cost of truck repairs that should have been covered by an extended warranty that she purchased from the defendant. The defendant argues that the trial court erred in its award because, he asserts, the plaintiff failed to show the extent or amount of her damages. We affirm.

We will uphold a trial court's factual findings unless they lack support in the record. <u>Gaucher v. Waterhouse</u>, 175 N.H. 291, 295 (2022). We defer to the trial court's judgment in determining the credibility of witnesses and the weight to be given to the evidence. <u>Id.</u> at 296. We consider the evidence in the light most favorable to the prevailing party and will overturn a damage award only if we find it to be clearly erroneous. <u>Bailey v. Sommovigo</u>, 137 N.H. 526, 530 (1993).

The plaintiff purchased a truck from the defendant for use in her landscaping business. At the same time, she purchased an extended warranty from the defendant. Shortly thereafter, the truck broke down. She testified that she paid $6,271.40 to repair it. The plaintiff testified, and the trial court found, that when she purchased the truck, the defendant knew that she intended to use it for her business. However, when she made a claim under the warranty, she discovered that the defendant sold her a warranty that did not cover commercial use.

To support her damage claim, the plaintiff sought to introduce an invoice from the repair shop. The defendant objected on hearsay grounds, noting that the plaintiff did not have a witness from the repair shop to testify at trial. The trial court ruled that the invoice was inadmissible hearsay. However, as the trial court found, the plaintiff testified that she paid $6,271.40 to repair the damage and restore the truck to operational condition. In its final order, the court noted that "[w]hile the defendant successfully objected to the admission of the [invoice] into evidence, the defense did not otherwise challenge [the plaintiff's] testimony about the cost of the repair or whether the repair should have been covered under the terms of the service contract." The trial court noted that the warranty contract included a $100 deductible and found the

plaintiff's testimony sufficient to prove that she sustained $6,171.40 in damages.  We conclude that the record supports the trial court's damage award.  See Gaucher, 175 N.H. at 295.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**